**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 97-CV-20054-DT

MICHAEL J. PETERSON,

    Defendant.
                                      /

**OPINION AND ORDER DENYING DEFENDANT MICHAEL J. PETERSON'S MOTION
FOR MODIFICATION OF SPECIAL CONDITIONS OF SUPERVISION**

On April 29, 2005, Defendant Michael J. Peterson filed a motion requesting that the court modify one of the special conditions of his supervised release. In particular, Defendant's motion relates to the court's special condition of his supervised release which requires that Defendant:

> shall be lawfully, gainfully employed on a full-time basis, or shall be seeking employment on a full-time basis. Full time is defined as forty hours per week. In the event the defendant has part-time employment, he shall devote the balance of such forty hours per week to his efforts of seeking additional employment.

(11/10/98 Judgment at 4.)

In his motion, Defendant states that he "wishes to continue his educational pursuits as a degree seeking student in Michigan." (Def.'s Mot. at ¶ 5.) He further asserts that he "wishes to develop job skills necessary to enjoy a comfortable standard of living, reintegrate and become a productive member of society, and pay off his restitution." (*Id.*) Defendant also contends that since he has been incarcerated, he "has strived to pursue educational programs and classes to enhance his ability to find work to

better pay his restitution." (*Id.* at ¶ 4.) Defendant avers that "most of [the] classes however, have been taught by inmates and bear no recognized certification." (*Id.*)

Pursuant to 18 U.S.C. § 3563(b):

> The court [in its discretion] may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant–
>
> ***
>
> (4) work conscientiously at suitable employment *or* pursue conscientiously a course of study or vocational training that will equip him for suitable employment

18 U.S.C. § 3563(b)(4) (emphasis added).

Defendant has not presented to the court evidence sufficient to demonstrate that the court should modify its special condition that Defendant be employed for at least forty hours per week. In its discretion, the court will not alter its requirement that Defendant work forty hours per week.[1]

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: May 27, 2005

---

[1] The court notes that it is possible for Defendant to pursue his educational goals while working forty hours per week.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 27, 2005, by electronic and/or ordinary mail.

                                                S/Lisa G. Teets
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522